RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 08a0109p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

R/T 182, LLC,

*Petitioner,*

*v.*

No. 07-3678

FEDERAL AVIATION ADMINISTRATION,

*Respondent.*

On Appeal from the
Federal Aviation Administration.
No. 16-05-14.

Submitted: January 16, 2008

Decided and Filed: March 11, 2008

Before: MARTIN, GIBBONS, and GRIFFIN, Circuit Judges.

_____

**COUNSEL**

_____

**ON BRIEF:** Stewart D. Roll, CLIMACO, LEFKOWITZ, PECA, WILCOX & GAROFOLI, Cleveland, Ohio, for Petitioner. Michael Jay Singer, Constance A. Wynn, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

**OPINION**

_____

BOYCE F. MARTIN, JR., Circuit Judge. R/T 182 appeals the decision of the Federal Aviation Administration to allow a local airport to charge a maintenance fee to airport users who store their aircraft at the airport, while charging no fee to those who merely land at the airport. We AFFIRM.

I

R/T is a Delaware Limited Liability Corporation that owns a Cessna 182 aircraft based at the Portage County Airport. The Portage County Regional Airport Authority owns the general aviation public-use Portage County Airport located in Ravenna, Ohio. It adopted a fee structure for the airport whereby aircraft based at the airport are charged an annual fee depending on weight and the frequency of usage. The fee range is not large, and is therefore not strongly related to the impact each aircraft has on the airport. The lightest aircraft used the fewest times is charged a fee of $4.17 a month, while the largest aircraft used the most times is charged $35.00 a month. Aircraft that land

at the airport, but are not based there, are not charged this fee.  Other fees and charges apply, but they are not at issue in this case.

R/T filed a complaint with the FAA on November 18, 2005, charging that the fee structure violated a provision of federal law that precludes unjust discrimination between airport users by discriminating between based-users (those with aircraft based at the airport) and transient users.  *See* 49 U.S.C. § 47107(a).  After complaint, response, and submission of affidavits, the FAA dismissed the complaint.  R/T filed an administrative appeal on November 13, 2006, and the FAA affirmed the dismissal in a Final Decision and Order dated March 30, 2007.  The FAA found that even if the Airport Authority could record all of the transient users, the process of billing and collection could easily cost more than the fees generated, and therefore the airport was reasonable in not pursuing transient users.  The FAA supported this finding with the fact that airports are open to the public and transient users may have no business relationship with the airport.  Some airplanes for example merely touch down and take off again for practice purposes.  It therefore found that discriminating between based-users and transient users was not "unjust."

II

The Federal Aviation Act and the Administrative Procedure Act provide the standards of review for this case.  Under 49 U.S.C. § 46110(c) this Court has authority to review findings of fact by the FAA for "substantial evidence."  Substantial evidence requires only that degree of evidence which could satisfy a reasonable fact-finder.  *Wilson Air Center*, *LLC v. Federal Aviation Admin.*, 372 F.3d 807, 813 (6th Cir. 2004).  We review questions of law *de novo*, though some deference may be owed where the agency is reasonably interpreting the statutes it is charged with administering.  *Id.*

R/T contends that the Airport Authority may not charge users based at the airport a fee while imposing no fee on transient users because that amounts to unjust discrimination in violation of 49 U.S.C. § 47107(a)(1) ("the airport will be available for public use on reasonable conditions and without unjust discrimination") and 61 Fed. Reg. 32021(3)-(3.1) (fees may not unjustly discriminate against aeronautical users or user groups) (airport. . . must apply a consistent methodology in establishing fees for comparable aeronautical users).  The term "unjust discrimination" is not statutorily defined, but the agency has interpreted it to require a showing that a party similarly situated to the complainant was treated preferentially.  *See Monaco Coach Corp. v. Eugene Airport*, 2004 WL 3198205, *17 (FAA Jul. 27, 2004).  We have accepted this definition in the past.  *See Wilson*, 372 F.3d at 819.  It also accords with our own case law concerning discrimination.  *See, e.g., Mickey v. Zeidler Tool and Die Co.*, 2008 WL 245592, *3 (6th Cir. 2008) (holding in the employment context that the employee must show the employer treated similarly situated, non-protected employees more favorably).

R/T would have us reject this definition based upon a dictionary definition of the terms "unjust" ("lacking in fairness") and "discrimination" ("making a distinction in favor or against based upon group, class or category, rather than individual merit"), but we see no reason to reject the agency's interpretation.  Clearly the airport is discriminating, but saying its decision lacks fairness merely restates R/T's assertion that it is unjust without getting us any closer to a reasoned resolution.  Using the "similarly situated" definition, by contrast, focuses our attention on those distinctions between groups or individuals that are legitimate bases for discrimination, and those that are not.

R/T complains that the fee schedule discriminates between based-users – like itself – and transient users.  This distinction is unjust, it claims, because it is unrelated to use of the airport.  In terms of our legal framework, R/T is arguing that it is similarly situated to transient users who use the airport just as much but are not charged.  The FAA, however, found that these two groups are

not similarly situated: based-users have regular business contacts with the airport, while transient users may merely touch down and take off again for practice purposes. This distinction is statutorily relevant: 49 U.S.C. § 47107(a)(13)(A) recognizes the efficiency of billing and collection as legitimate reasons for differentiating among users. The FAA accepted that it would cost more than the revenue generated for the airport to attempt to bill transient users.[1] Because the distinction between based-users and transient users is statutorily relevant, we find no error in the FAA's decision.

R/T next argues that the FAA's March 30 Order is a "rule" and therefore subject to the notice and comment procedures of the Administrative Procedure Act. *See* 5 U.S.C. § 553. R/T infers this from the general applicability and policy implications of the FAA's order: other airports would now feel free to implement a similar fee schedule. However, it has long been settled that an agency may announce new principles that will guide future action in an adjudicative proceeding. *See Nat'l Labor Relations Bd. v. Bell Aerospace Co.,* 416 U.S. 267, 294 (1974). We have held that "'Orders' are usually adjudicative in nature and apply to a particular group, whereas 'rules' are more legislative in nature and have general applicability." *N. Am. Aviation Properties, Inc. v. Nat'l Transp. Safety Bd.*, 94 F.3d 1029, 1030 (6th Cir. 1996). We have little difficulty identifying the proceedings in this case as adjudicatory in nature. The process was initiated by a complaint filed by R/T against the Airport Authority. The Airport Authority filed an answer and R/T replied with affidavits. When the FAA found against R/T in a written opinion, R/T was able to file an administrative appeal to the Associate Administrator for Airports, whose decision is final, and may be appealed to this Court. All of these procedures reflect a process that is adjudicatory in nature and applies to the named parties involved in the complaint. We find that this is an adjudication, and therefore not subject to the notice and comment requirements of rule-making under the Administrative Procedure Act.

### III

We find that the FAA's decision holding that R/T is not similarly situated to transient users is supported by substantial evidence. Furthermore, the FAA's complaint procedure at issue is an adjudicatory process, not a rule-making, and therefore does not have to abide by the notice and comment provisions of the Administrative Procedure Act. We therefore AFFIRM the decision of FAA.

---

[1] R/T points to one user, Kent State, that would be easy to bill, but this does not undermine the conclusion that transient users as a group are difficult to bill.